UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ELIJAH FINDLAY | ) |
| | ) Civil Action No.: |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LABRIE ENVIRONMENTAL GROUP | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Elijah Findlay ("Plaintiff"), through undersigned counsel, and files this lawsuit against Labrie Environmental Group ("Defendant"), and for his Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks all declaratory relief, along with punitive and actual damages, attorneys' fees and costs for Defendant's discrimination and retaliation against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA").

3.

On December 8, 2025, Plaintiff received his Notice of Right to Sue from the EEOC.

4.

Therefore, Plaintiff has timely filed his complaint for damages within the 90-day period.

## II.   Jurisdiction and Venue

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's principal office is in this district.

### III. Parties

7.

Defendant at all relevant times has been an "employer" as defined by the ADA.

8.

Defendant at all relevant times has been an "employer" subject to the ADA.

9.

Plaintiff at all relevant times has been an "employee" covered under the ADA.

10.

Defendant can be served through their attorney, Christine Mast, at 303 Peachtree Street, Suite 4000, Atlanta, Georgia 30308.

### IV. Factual Allegations

11.

Plaintiff became employed with the Defendant on or around early June 2025.

12.

On June 17, 2025, Plaintiff informed his supervisor, Marc, that he had to go to the emergency room due to a medical condition.

13.

On June 19, 2025, Plaintiff notified Marc that he had to go back to the emergency room due to a medical condition.

14.

June 20, 2025, Plaintiff informed his supervisor that he had been diagnosed with an esophageal disease.

15.

He also told his supervisor that he would need to be out for a couple days for the hospital to run tests and attend doctor's appointments.

16.

On June 21, 2025, Plaintiff provided his supervisor with a doctor's excuse, which confirmed he had been in the hospital during this time.

17.

On June 24, 2025, Plaintiff again had issues with his medical condition in which he needed to miss work.

18.

That same day, Plaintiff was notified of his termination for being absent without leave.

## COUNTS III & IV
## Americans with Disabilities Act
## (DISABILITY DISCRIMINATION AND RETALIATION)

19.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

20.

Plaintiff is an individual with a disability under the ADA.

21.

Plaintiff engaged in protected conduct under the ADA, entitling him to all appropriate relief under the statute.

22.

Defendant retaliated against Plaintiff when it gained knowledge of Plaintiff's intent to take definite leave under the ADA, entitling Plaintiff to all appropriate relief under the statute.

23.

Defendant terminated Plaintiff because of his exercise of rights protected by the ADA. Any reason given for Plaintiff's termination is pretext for unlawful retaliation.

24.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of ADA were reckless and Plaintiff is entitled to compensatory and punitive damages.

25.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

## **Prayer for Relief**

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate, or complete remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Court grant:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 6 March 2026.

                                                    s/ Jeremy Stephens
Jeremy Stephens, Esq.
GA Bar No.: 702063
191 Peachtree Street, N.E., Ste 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com